IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                        No. CR 05-0469 JB

EDUARDO HERNANDEZ-MEJIA
and RAMON ANAYA,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the United States' Amended Motion in Limine and Memorandum in Support of Motion in Limine to Admit Audio Recordings and Transcriptions with Translations, filed June 14, 2006 (Doc. 299)("Motion to Admit"). The Court held a hearing on this motion on November 21, 2006. The primary issue is whether the Court will allow transcripts of recorded conversations the United States plans to introduce at trial to be admitted into evidence as trial exhibits. Because the Defendants have stipulated to the admissibility of the audio files and the transcripts the United States has referenced, the Court will dismiss the motion as moot.

**PROCEDURAL BACKGROUND**

    On October 12, 2005, a federal grand jury returned a superseding indictment charging Defendants Eduardo Hernandez-Mejia and Ramon Anaya, among others, with numerous drug trafficking offenses and with conspiracy to commit drug trafficking offenses. See Superseding Indictment, filed October 12, 2005 (Doc. 153). The United States represents that, at the trial on these charges, it intends to offer evidence in the form of ninety-eight audio recordings of telephone conversations conducted in Spanish and corresponding transcripts containing English translations of

the conversations.  See Motion to Admit ¶ 1, at 1-2; United States' Reply to Defendants' Joint Response to the Government's Amended Motion In Limine Regarding Audio Transcripts Filed October 11, 2006, filed November 6, 2006 (Doc. 340), Exhibit 1; Transcript of Hearing at 5:18-22 (Martinez)(taken November 21, 2006)("Transcript").[1]  The United States moves the Court for a pretrial order allowing the admission of the recordings and the translations-transcripts.  See Motion to Admit at 1.

The United States also requests that, before the trial begins, the Court deliver a cautionary instruction to the jury.  See id. ¶ 8, at 5.

> When the trial begins, the jurors should be instructed, through a jury instruction, that they will receive binders which contain all of the transcripts of all of the conversations which the parties believe may be admitted into evidence. The jurors should further be instructed that they open and read only the transcript which corresponds to the intercepted call which is being played. They should not re-read transcripts of previously played conversations or skip ahead and read transcripts of conversations which have yet to be played.

Id.  The United States maintains that such an instruction is necessary to keep the juror's attention to the evidence properly at hand.  See id.

### LAW REGARDING ADMISSION OF TRANSCRIPTS

The parties do not appear to dispute the admissibility of the recorded conversations.  In its written response to this motion, before stipulating to the admissibility of these materials, the Defendants confined their argument in opposition to their assertion that the United States' identification of the transcripts it seeks to admit was overly vague, and that the use and admission of the transcripts, in their current format, would unfairly prejudice the Defendants.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

1.      **Admissibility of Transcripts of Recorded Conversations.**

The United States Court of Appeals for the Tenth Circuit has repeatedly held the admission of transcripts for the purpose of assisting the jury in listening to portions of recorded conversations is within the trial court's sound discretion.  See United States v. Gomez, 67 F.3d 1515, 1526 (10th Cir. 1995); United States v. Mayes, 917 F.2d 457, 462-63 (10th Cir. 1990); United States v. Devous, 764 F.2d 1349, 1354 (10th Cir. 1985)("The admission of transcripts to assist the trier of fact, like the admission of tapes of marginal quality, lies within the discretion of the trial court.").  In cases where the content of the recordings is disputed because the recordings are of poor quality or are partially inaudible, jurors are not "precluded from comparing the tapes with the transcript and making an independent decision about the transcript's accuracy."  United States v. Devous, 764 F.2d at 1354.  Cases from other Circuits are in accord.  See United States v. Eberhart, 434 F.3d 935, 938-939 (7th Cir. 2006)(finding that it is not error to introduce tapes and transcripts into evidence, even when some variation between tapes and transcripts exists, when other portions of the recording support the content of the transcript); United States v. White, 219 F.3d 442, 448-49 (5th Cir. 2003)(ruling admission of transcript was not abuse of discretion when FBI agent testified as to unintelligible portions of the document and a cautionary instruction was given); United States v. Delpit, 94 F.3d 1134, 1147 (8th Cir. 1996)("It is well settled that the jury may use transcripts of wiretapped conversations during trial and deliberations.").

2.      **Procedure for Admitting Transcripts.**

In United States v. Devous, the Tenth Circuit found useful guidelines that the United States Court of Appeals for the District of Columbia Circuit recognized in recommending procedures that trial courts should follow when using transcripts of recorded conversations.

> The ideal procedure for testing accuracy is to have the prosecution and defense attorneys stipulate to a transcript. . . . When they cannot agree as to what is on tape, the second best alternative is for the trial court to make a pretrial determination of accuracy by reading the transcript against the tapes. . . . In either situation the jury receives a transcript, certified as a correct version of the tape. A third alternative is to present the jury with two transcripts, containing both sides' versions, and let the jury determine which is more accurate. . . In this situation, because no one transcript is presented as "correct," the judge "need not necessarily listen to the tapes or pass on the accuracy of any transcript."

764 F.2d at 1355 (quoting United States v. Slade, 627 F.2d 293, 302 (D.C. Cir. 1980)).  Use of these procedures is appropriate whenever the parties propose to use transcripts; it is not limited to cases in which the transcripts are admitted into evidence.  See United States v. Slade, 627 F.2d at 301-03 (recommending the procedures in the context of a case where transcripts were not admitted into evidence).

## ANALYSIS

The United States has identified ninety-eight recorded conversations that it intends to present at trial and for which it has prepared translation-transcripts that it wishes to admit into evidence. The Defendants have stipulated to the admissibility of the audio recordings, which are in Spanish, and the transcripts, which are in English.  See Transcript at 4:12-14 (Lopez); id. at 5:10-11 (Salazar). The United States and the Defendants have agreed that, at the time of trial, the United States will propose a jury instruction emphasizing the United States' obligation to establish foundation for the identities of the various individuals listed as the speakers on the transcripts and reminding the jury that it must make the final determination regarding whether the voices on the audio recordings correspond to the speakers listed on the transcripts.  Based on the representations of the parties, because the Court believes that the use of transcripts will assist the jury in understanding the evidence, and because the Court believes that a jury instruction can adequately account for any prejudice the use of transcripts

might create, the Court will accept the parties' stipulation and dismiss the motion as moot.

**IT IS ORDERED** that he United States' Amended Motion in Limine and Memorandum in Support of Motion in Limine to Admit Audio Recordings and Transcriptions with Translations is dismissed as moot.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Larry Gomez
  Acting United States Attorney
Damon P. Martinez
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Edward O. Bustamante
Keith R. Romero
Martin Lopez, III
Albuquerque, New Mexico

    *Attorneys for the Defendant Eduardo Hernandez-Mejia*

M. Naomi Salazar
Serapio L. Jaramillo
Albuquerque, New Mexico

    *Attorneys for the Defendant Ramon Anaya*