# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                      No. CR 05-0469 JB

EDUARDO HERNANDEZ-MEJIA,
and RAMON ANAYA,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Motion for Pre-Trial Psychatric[sic]/Psychological Examination and to Stay Proceedings, filed August 20, 2007 (Doc. 381); and (ii) the Amended Motion for Pre-Trial Psychatric[sic]/Psychological Examination and to Stay Proceedings, filed August 23, 2007 (Doc. 383)("Amended Motion"). The Court held a hearing on the motion on August 24, 2007. The primary issues are: (i) whether there is reasonable cause to believe that Defendant Eduardo Hernandez-Mejia is not competent to understand the proceedings against him and to assist in his defense; (ii) whether the Court should order Hernandez-Mejia undergo a psychiatric/psychological examination before holding a hearing to evaluate his competency; and (iii) whether the Court should stay the entire case pending the completion of any examination and the result of the competency hearing. Because the Court believes that there is reasonable cause to believe Hernandez-Mejia may not be competent to stand trial, because the Court believes that a psychiatric/psychological examination and report would assist it in evaluating Hernandez-Mejia's competency, and because the Court believes that Hernandez-Mejia has the right to assist in his own defense at all times before trial, the Court will grant the motion.

**PROCEDURAL BACKGROUND**

Because this case is a multi-defendant drug conspiracy case, this proceeding has some complexity. Hernandez-Mejia's counsel represents that he has met with Hernandez-Mejia on multiple occasions, and, based on those meetings, has serious concerns about Hernandez-Mejia's ability to assist properly in his defense and his ability to understand the nature of the proceedings against him. See Amended Motion at 2. Hernandez-Mejia's counsel has engaged the services of an investigator, and Hernandez-Mejia's counsel represents that the investigator also has serious concerns about Hernandez-Mejia's ability to assist properly in his defense. See id.

Hernandez-Mejia's counsel has conferred with Damon Martinez, Assistant United States Attorney, and Mr. Martinez states that, based on his opposition to a continuance of the trial setting, he opposes this motion. See id. On August 22, 2007, Mr. Martinez told Ms. K'Aun Sanchez, the Court's Courtroom Deputy Clerk, that he wanted a hearing, but would not be filing a response to Hernandez-Mejia's motion. Hernandez-Mejia's counsel has also consulted with Naomi Salazar, counsel for Hernandez-Mejia's co-Defendant, Ramon Anaya, and she does not oppose a stay in the proceedings. See id.; Transcript of Hearing at 17:17-20 (Salazar)("Transcript").[1] Anaya is willing to waive his rights under the Speedy Trial Act and accept a stay until Hernandez-Mejia's concerns are resolved. See Transcript at 17:21-24 (Salazar). Hernandez-Mejia moves the Court for a pre-trial psychiatric/psychological examination.

The Court held a hearing on Hernandez-Mejia's motion on August 24, 2007. At the hearing, Hernandez-Mejia's counsel requested that the Court stay the proceedings to allow Hernandez-Mejia

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

to meet with an expert who could evaluate Hernandez-Mejia's competence to stand trial.  See id. at 20:21-23 (Bustamante).

## 18 U.S.C. § 4241

Because "the criminal trial of an incompetent defendant violates due process," Cooper v. Oklahoma, 517 U.S. 348, 354 (1996)(quoting Medina v. California, 505 U.S. 437, 453 (1992)(plurality), the Supreme Court of the United States has observed that "[t]he Federal Government and all 50 States have adopted procedures that address the issue of a defendant's competence to stand trial," Medina v. California, 505 U.S. at 447 (plurality)(citing 18 U.S.C. § 4241). See Redden v. Calbone, 223 Fed. Appx. 825, 830 (10th Cir. 2007)("It is well-settled that the criminal trial of an incompetent defendant violates due process.").  Under 18 U.S.C. § 4241, a defendant or the Government may file a motion for a competency hearing at any time after the beginning of prosecutorial proceedings, but before sentencing. See 18 U.S.C. § 4241(a).  Once such a motion has been filed, the court "shall" grant the motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id. (emphasis added).  To assist it at the hearing, the court may order that a psychiatric or psychological evaluation of the defendant be conducted, and that a report be filed with the court before the hearing. See 18 U.S.C. § 4241(b). The district court also has the discretion to confine a defendant for a reasonable period, not to exceed thirty days, during the examination period. See United States v. DeShazar, 451 F.3d 1221, 1227 n.4 (10th Cir. 2006)(quoting United States v. Deters, 143 F.3d 577, 579 (10th Cir. 1998)).

"In a competency hearing, the 'emphasis is on [the defendant's] capacity to consult with counsel and to comprehend the proceedings.'" Medina v. California, 505 U.S. at 448

(plurality)(quoting Pate v. Robinson, 383 U.S. 375, 388 (1966)(Harlan, J., dissenting)).  If the court finds the defendant incompetent to stand trial, "the court must order the defendant hospitalized for a reasonable period of time . . . for the purpose of determining whether there is a 'substantial probability' that the defendant will become competent in the foreseeable future."  United States v. Deters, 143 F.3d at 580.  "[D]ue process considerations require suspension of the criminal trial until such time, if any, that the defendant regains the capacity to participate in his defense and understand the proceedings against him."  Medina v. California, 505 U.S. at 448 (citing Dusky v. United States, 362 U.S. 402 (1960)(per curiam)).

## ANALYSIS

The United States asserts that two factors suggest that Hernandez-Mejia is competent to stand trial.  First, the United States contends that, because Hernandez-Mejia has a criminal history, he understands the legal proceedings against him.  See Transcript at 5:1-3 (Martinez).  Second, the United States contends most of the information it has about Hernandez-Mejia comes from recorded conversations and that he demonstrates competence in these conversations.  See id. at 8:17-23 (Martinez).

The problem with the United States' argument is that it does not address Hernandez-Mejia's competence at the present time.  That Hernandez-Mejia may have been competent to stand trial in the past does not relieve the Court of its responsibility to determine whether he is currently competent to do so.  The only evidence that the Court has regarding Hernandez-Mejia's current competence is the representations of his counsel and his counsel's investigator, both of whom have expressed concerns that Hernandez-Mejia may not be able to understand the proceedings or assist adequately in his defense.  The United States concedes that these representations are worthy of the Court's concern, and acknowledges that Hernandez-Mejia's counsel is well-respected and

experienced.  See id. at 14:2-3 (Martinez).

The Court understands that, consistent with 18 U.S.C. § 4241(a), it must grant Herndandez-Mejia's motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).  At the hearing on this motion, the United States' counsel agreed that this was the proper standard for the Court to apply at this stage in the proceedings.  See Transcript 24:4-10 (Martinez).  Because the Court believes that, based upon the representations of Hernandez-Mejia's counsel and investigator, there is reasonable cause to believe that Hernandez-Mejia may not be competent to stand trial, the Court will conduct a competency hearing pursuant to 18 U.S.C. § 4241(d).   The Court also believes that, before that hearing, it would be useful to have a psychiatric and/or psychological report completed; the Court will therefore order that a psychiatric/psychological examination be performed and that a report be submitted before the 18 U.S.C. § 4241(d) hearing.

The Court reminds all parties that the psychiatric/psychological examination at this stage is largely to assist the Court in making its competency determination at the 18 U.S.C. § 4241(d) hearing. While Hernandez-Mejia certainly should have input into the selection of an expert, and has represented that he will attempt to come to an agreement on an expert with the United States, see Transcript at 20:11-13; 23:5-7 (Bustamante), the Court believes it should play a role.  The United States and Hernandez-Mejia shall see if they can agree on an expert and, if they can, submit a stipulated order that requires the expert to produce a report pursuant to the provisions of 18 U.S.C. § 4247(b) and (c).  If the parties cannot agree on an expert, each side should submit a letter to the Court with its or his nomination.

The Court understands that the parties have a firm trial setting for September 17, 2007, and that its ruling on this motion will, as a practical matter, make the case impossible to bring to trial at that time.  The Court is also sensitive to the inconvenience and expense delaying the trial without another firm trial setting may have on the United States.  The Court must, however, balance this imposition against Hernandez-Mejia's right to due process and, specifically, his right to assist in his own defense during the entire time preceding any trial date.  Because the Court does not believe that setting another date at this time, and forcing Hernandez-Mejia to begin preparing for a trial during a period of time when he may not be competent to assist his counsel adequately, is fair to Hernandez-Mejia, the Court will grant his request to stay the proceedings and will not reset a trial date at the present time.

Anaya indicates that he does not oppose the motion, does not want to sever his case from Hernandez-Mejia's, and waives any right under the Speedy Trial Act.  <u>See</u> Transcript at 17:17-24 (Salazar).  Accordingly, the Court finds that the need to establish Hernandez-Mejia's competency and Anaya's desire to have his case tried with Hernandez-Mejia's outweighs the Defendants' and the public's interest in a speedy trial.

**IT IS ORDERED** that the Defendant's Motion for Pre-Trial Psychiatric/Psychological Examination and to Stay Proceedings is granted.   The Defendant shall undergo a psychiatric/psychological examination.  Pending resolution of the Defendant's examination and an 18 U.S.C. § 4241(d) hearing, all matters in the case are stayed.  Pursuant to 18 U.S.C. § 3161(h)(1), the period of delay caused by the Defendant's examination shall be excluded in computing the time in which trial must be commenced.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
    Acting United States Attorney
Damon Martinez
    Assistant United States Attorney
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Edward O. Bustamonte
Albuquerque, New Mexico

       *Attorney for Defendant Eduardo Hernandez-Mejia*

M. Naomi Salazar
Albuquerque, New Mexico

       *Attorney for Defendant Ramon Anaya*