# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                              No. CR 05-469 JB

EDUARDO HERNANDEZ-MEJIA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Pro-Se Motion to Dismiss Indictment Based on a Violation of the Speedy Trial Act, filed February 12, 2008 (Doc. 394-2). The Court held a hearing on March 19, 2008. The primary issue is whether the Court should dismiss the indictment against Defendant Eduardo Hernandez-Mejia because there has allegedly been excessive delay in bringing his case to trial, in violation of his right to a speedy trial under the Speedy Trial Act. Because of the complexity of this case, because of the requests to continue, and because of concerns about Hernandez-Mejia's competency, the Speedy Trial Act has been properly tolled, and the Court will deny his motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2005, DEA agents executed a search warrant at Hernandez-Mejia's residence. See Pro-Se Motion to Dismiss Indictment Based on a Violation of the Speedy Trial Act at 1, filed February 12, 2008 (Doc. 394-2)("Defendant's Motion"). According to Hernandez-Mejia, he, along with eight other individuals, were indicted for conspiracy to possess with intent to distribute various controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Defendant's Motion at

1.  According to Hernandez-Mejia, he has been incarcerated for thirty-one months, and most of his co-Defendants' cases were resolved in December 2005 when they were sentenced.  See id. at 3.

The United States filed a motion to designate the case as a complex case and order a non-standard discovery order on March 29, 2005.  See Government's Motion for Status Conference for the Purposes of Designating this a Complex Case, and Issuing a Non-Standard Discovery Order, filed March 29, 2005 (Doc. 75).  None of the Defendants or their counsel opposed declaring the case complex, and indeed at the hearing on April 19, 2005, all Defendants -- including Hernandez-Mejia -- indicated that they did not object to such a designation.  See Transcript of Hearing at 5:16-6:8 (taken April 19, 2005)(Court, Robbenhaar, and Rosenstein).[1]  Keith Romero, Hernandez-Mejia's attorney at the time of the hearing, did not respond to the Court's question whether anyone opposed the motion, indicating that he did not oppose designating the case as complex and issuing a non-standard discovery order.  See id. at 5:16-6:10 (Court, Robbenhaar, and Rosenstein).  On May 23, 2005, the Court granted the United States' motion to designate the case as complex and, after meeting with all counsel and their clients, who indicated there was no objection, issued a non-standard discovery order, scheduling the trial for January 23, 2006.  See Order at 1-2, filed May 23, 2005 (Doc. 99)("The Court having considered the United States' Motion, the Defendants having no objection to the motion, and the Court having heard from counsel on April 19, 2005, finds that the United States' request to designate this matter a complex case and for a non-standard discovery order is well taken and will be granted.").

Hernandez-Mejia asked the Court to dismiss two of his prior appointed attorneys.  See Motion to Allow Withdrawal of Counsel and to Appoint New CJA Counsel, filed August 8, 2005

---

[1] The Court's citations to the transcripts of the hearings refer to the Court Reporter's original, unedited versions.  Any final transcripts may contain slightly different page and/or line numbers.

(Doc. 119); Motion to Withdraw Attorney, filed August 24, 2005 (Doc. 130).  Hernandez-Mejia contends that they tried to induce him to enter a guilty plea against his will. See Defendant's Motion at 2.  In December 2006, the Court appointed Eduardo O. Bustamante.  See CJA Form 20, filed December 12, 2006 (Doc. 347).

Hernandez-Mejia complains that Mr. Bustamante has failed to assist him, to communicate with him, and to meet the professional obligation to keep him, as a client, abreast of the developments in the case.  See Defendant's Motion at 2.  Hernandez-Mejia states that Mr. Bustamante will not answer his calls or come to see him so that they may discuss his constitutional rights, including his right to a speedy trial.  See id.

Hernandez-Mejia has moved for continuance, moved to vacate his trial, and has not opposed motions by the United States for continuances on numerous occasions. See Joint Unopposed Motion to Continue the 1/23/06 Trial Setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed January 3, 2006 (Doc. 227); Motion to Continue Trial Set on 3/13/06 by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya & Sergio Delgado, filed February 17, 2006 (Doc. 258); Motion to Vacate the 5/8/06 Trial Setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, Sergio Delgado, filed March 29, 2006 (Doc. 270); Joint Motion to Continue the 6/26/06 Trial Setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed April 26, 2006 (Doc. 278); Joint Motion to Vacate the 8/6/06 Trial Setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed June 2, 2006 (Doc. 289); Joint Motion to Vacate the September 2006 Trial Setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed August 25, 2006 (Doc. 307); Joint Unopposed Motion to Continue Trial and Request for Dates Certain by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed September 20, 2006 (Doc. 313); Unopposed Motion to Continue Trial by Eduardo

Hernandez-Mejia, filed January 3, 2007 (Doc. 349); Joint Unopposed Motion to Continue the 3/12/07 Trial Setting by Eduardo Hernandez-Mejia as to Eduardo Hernandez-Mejia, Ramon Anaya, filed February 19, 2007 (Doc. 360); Joint Motion to Continue Trial by Eduardo Hernandez-Mejia as to Eduardo Hernandez-Mejia, Ramon Anaya, filed April 11, 2007 (Doc. 365); Unopposed Motion to Continue Trial by Eduardo Hernandez-Mejia as to Eduardo Hernandez-Mejia, Ramon Anaya, filed May 14, 2007 (Doc. 372); Unopposed Motion to Continue Trial Scheduled to Begin on July 16, 2007 by USA as to Eduardo Hernandez-Mejia, Ramon Anaya, filed June 11, 2007 (Doc. 375). Accordingly, Hernandez-Mejia's case has been continued on numerous occasions.  For each order granting a motion to continue, the Court has tried to carefully make findings that a specific reason outweighed the public's and the defendant's interest in a speedy trial.   See e.g. Order for Continuance at 1, filed March 31, 2006 (Doc. 271) ("**THIS MATTER** having come before the [C]ourt on the Defendants' Motion Vacating the trial scheduled on the May 8, 2006 trailing calendar, the Court being fully advised of the circumstances, the **COURT FINDS** that the ends of justice would be served by granting such continuance of the May 8, 2006 trial on the trailing calendar and resetting the trial to the Court's June calendar, that the period of delay resulting from such continuance shall be excludable from the time limitations set forth within 18 U.S.C. § 3161(c)(1) . . . The defendant's interest in preparing for trial outweighs the public's interest in a speedy trial.")(emphasis in original); Order for Continuance at 1, filed August 28, 2006 (Doc. 309)("This matter having come before the Court on the Defendants' Joint Motion to Vacate the Court's September 2006 trial setting, the Court being fully advised of the premises, the **COURT FINDS** that the ends of justice would be served by granting such continuance and that the period of delay resulting from such continuance shall be excludable from the time limitations set forth within 18 U.S.C. Section 3161 (c)(1). . . . The Defendant's interest in receiving the discovery

-4-

outweighs the defendant's and the public's interest in a speedy trial.")(emphasis in original). Most of the reasons that the Court used were those that Hernandez-Mejia advanced. See e.g. Joint Unopposed Order, filed January 26, 2007 at 1 (Doc. 351)("The Court specifically finds, pursuant to 18 U.S.C. § 3161(h)(8)(a) that the ends of justice are served granting the continuance, and this outweighs the best interest of the public and the defendant in a speedy trial. The Court further finds, pursuant to 18 U.S.C. § 3161(h)(8)(B), that good grounds exist for the continuance as Defendant Hernandez-Mejia needs additional time in which to investigate and prepare this case for trial."); Order at 1, filed March 9, 2007 (Doc. 362)(same); Joint Unopposed Order at 1, filed April 16, 2007 (Doc. 366)(same). The United States opposed Hernandez-Mejia's April 26, 2006 motion to continue the June 26, 2006 setting, see (Doc. 278), and, over the United States' objection, the Court granted the continuance. See id. [2]

On August 20, 2007, Hernandez-Mejia filed a motion for a psychiatric/psychological exam and to stay the proceedings. See Motion for Pre-Trial Psychiatric [sic]/Psychological Examination and to Stay Proceedings, filed August 20, 2007 (Doc. 381). On September 4, 2007, the Court granted

_____

[2] Hernandez-Mejia does not specifically argue that the Court failed to make adequate on-the-record findings to support its exclusion of any particular period or periods of time, as the defendant did in United States v. Williams, 511 F.3d 1044, 1056-59 (10th Cir. 2007)(stating that the court "need not articulate facts which are obvious and set forth in the motion for the continuance itself."). Instead, Hernandez-Mejia generally asks the Court to grant his motion to dismiss the indictment because of the alleged excessive delay in bringing him to trial. See Defendant's Motion at 1, 3. Hernandez-Mejia's motion does not wrestle with the fact that, unlike in United States v. Williams, this case is a complex case that started with 11 defendants and continued to have 3 Defendants as late as October of 2006, when Defendant Jose Montoya pled guilty, and 2 Defendants until March of 2008, when Ramon Anaya pled guilty. Hernandez-Mejia does not acknowledge tolling of the Speedy Trial Act because of the complexity of the case, nor does he acknowledge any tolling caused by the filing of numerous pretrial motions. Hernandez-Mejia has the burden to support his motion. See 18 U.S.C. § 3162(a)(2)(stating that, "[i]f a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion")(emphasis added).

Hernandez-Mejia's motion.  <u>See</u> Memorandum Opinion and Order, filed September 4, 2007 (Doc. 384).  On October 9, 2007, the parties entered into a stipulated order that Hernandez-Mejia would undergo a Psychiatric/Psychological Examination to be conducted by Eric Mason Westfried, Ph.D.  <u>See</u> Stipulated Order, filed on October 9, 2007 (Doc. 385).  On November 21, 2007, the Court issued an order for Hernandez-Mejia to be  transported to Dr. Westfried's office.  <u>See</u> Unopposed Order to Transport at 1, filed November 21, 2007 (Doc. 387). On February 5, 2008, the Court received a letter from Dr. Westfried to Mr. Bustamante regarding Hernandez-Mejia's competency.  <u>See</u> Letter, filed February 5, 2008 (Doc. 392).  The Court held a competency hearing on March 7, 2008.  <u>See</u> Sealed Minute Order, filed February 25, 2008 (Doc. 397).  On March 19, 2008 the Court filed an order finding Hernandez-Mejia competent to stand trial and lifted the stay on proceedings.  <u>See</u> Memorandum Opinion and Order, filed March 19, 2008 (Doc. 406).  Hernandez-Mejia filed his pro se motion during the time in which the proceedings were stayed.  <u>See</u> Defendant's Motion.

Hernandez-Mejia, proceeding pro se, moves the Court, pursuant to rule 12(b) of the Federal Rules of Criminal Procedure, to dismiss the indictment because of the alleged excessive delay in bringing him to trial.  <u>See</u> Defendant's Motion at 1.  Hernandez-Mejia argues that he did not waive his constitutional right to a speedy trial. <u>See</u> <u>id.</u> at 3.  Hernandez-Mejia submits that the time necessary for complete and adequate preparation for trial was over by the time his co-Defendants were sentenced twenty-two months ago. <u>See</u> <u>id.</u> at 3.  As to prejudice, Hernandez-Mejia asserts that, at the time of his arrest, his sixth child was three-months old, and that his child is now three-years old. <u>See</u> <u>id.</u>

Hernandez-Mejia did not file his motion with the Court.  <u>See</u> United States' Clarification of Record Concerning Previous Filing at 1. The first time that the Court had knowledge that Hernandez-Mejia had any Speedy-Trial Act concerns was on January 14, 2008, when it received

the United States' Response to Hernandez-Mejia's motion. <u>See</u> United States' Declination to Address the Merit of Defendant Hernandez-Mejia's Pro Se Motion to Dismiss Indictment Based on a Violation of the Speedy Trial Act, filed January 14, 2008 (Doc. 390)("Response"). In its January 14, 2008 Response, the United States stated that it declined to address the merits of Hernandez-Mejia's motion. <u>See id.</u> at 1-2.  The United States noted that the Court appointed Mr. Bustamante as counsel of record for Hernandez-Mejia and that Mr. Bustamante did not file Hernandez-Mejia's pro se motion on Hernandez-Mejia's behalf. <u>See id.</u> at 1.  The United States also noted that, on September 4, 2007, the Court ordered Hernandez-Mejia undergo a psychiatric/psychological examination and that as of January 14, 2008, the Court had not ruled on the findings of Eric Westfried, Ph.D., regarding Hernandez-Mejia's competency. <u>See id.</u>  Furthermore, the United States noted that Hernandez-Mejia filed his pro se motion during the time period in which the Court ordered that he undergo a psychiatric/psychological examination.  <u>See id.</u>

The Court, however, received the United States' Response before it received Hernandez-Mejia's motion or letters.  Accordingly, when the Court received the United States' Response, the Court's Courtroom Deputy called the United States' counsel, Mr. Damon P. Martinez, to ask to what he was responding.  Shortly after the Court called Mr. Martinez, the Court received a letter from Hernandez-Mejia dated January 1, 2008. <u>See</u> Letter to the Court from Eduardo Hernandez-Mejia (dated January 1, 2008) received January 3, 2008 (Doc. 391). The Clerk's Office had received the letter on January 3, 2008, but had delayed forwarding it to the Court's chambers, apparently because the Clerk's Office was confused by the letter's reference to something that had not been filed.  In any case, Hernandez-Mejia's January 1, 2008 letter stated:

> This is the Second Request I have made in the last two months, seeking information as to why my pro-se violation, filed on October 30, 2007, does not appear on the docket sheet.  Said motion deals with a speedy trial violation, and seeks the dismissal

of the indictment.

Will you please find out why the pro-se motion has not been filed by your office.
I look forward to hearing from you at your earliest possible convenience, thank you.

Letter to the Court from Eduardo Hernandez-Mejia (dated January 1, 2008) received January 3, 2008, filed February 5, 2008 (Doc. 391).

The Court also later received a letter from Hernandez-Mejia dated January 25, 2008 asking why his pro se motion did not appear on the docket.  See Letter to the Court from Eduardo Hernandez-Mejia at 1 (dated January 25, 2008) filed February 4, 2008 (Doc. 408).

On February 12, 2008, the United States filed a Clarification of Record stating it had mistakenly believed that Hernandez-Mejia's motion to dismiss had been properly filed with the Court and that, for clarification purposes, attached a copy of Hernandez-Mejia's motion to its motion as Exhibit 1.  See United States' Clarification of Record Concerning Previous Filing at 1, filed February 12, 2008 (Doc. 394).  On February 25, 2008, Hernandez-Mejia filed a reply to the United States' motion.  See Movant's Reply to the Government's Failure to Address the Merits of is [sic] Motion to Dismiss Indictment Based on the Violation of the Speedy Trial Act, filed February 25, 2008 (Doc. 399).

At the March 19, 2007 hearing, Mr. Bustamante, Hernandez-Mejia's counsel, stated that he did not join in his client's motion.  See Transcript of Hearing at 4:4-5 (taken March 19, 2008)(Bustamante)("Tr").  Mr. Bustamante stated: "I cannot in good faith say to the Court I think you should dismiss this case." Id. at 6:45 (Bustamante). Mr. Bustamante stated that, while he sympathizes with Hernandez-Mejia, given the chronology and complications of the case, it is his belief that Hernandez-Mejia's motion fails.  See id. at 4:21-14 (Bustamante).

Mr. Bustamante represented that Hernandez-Mejia believes that the extended time of

discovery because of the complicated nature of the case should count against the time clock under the Speedy Trial Act.  See id. at 5:14-23 (Bustamante).  Mr. Bustamante also informed the Court that Hernandez-Mejia believes that the delay, because of the issue of competency, should also count against the time permitted under the Speedy Trial Act. See id. at  5:23-6:3 (Bustamante)

## LAW REGARDING THE SPEEDY TRIAL ACT

"'The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings.'" United States v. Saltzman, 984 F.2d 1087, 1090 (10th Cir. 1993)(quoting United States v. Noone, 913 F.2d 20, 28 (1st Cir. 1990)).  The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), reads in relevant part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

Id.

The Speedy Trial Act requires "that an accused person's trial must begin within seventy days of his indictment or initial appearance, whichever is later." United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir. 2006)(citing 18 U.S.C. § 3161(c)(1)). The Speedy Trial Act provides that certain periods of delay are not calculated in computing the time limits for trial.  18 U.S.C. § 3161 states in relevant part:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant,

including but not limited to--

(A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

* * * *

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

* * * *

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

* * * *

(4) Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.

* * * *

(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161. Courts are instructed to consider specific factors when determining whether to grant a continuance under section (A) of 18 U.S.C. § 3161(8). See 18 U.S.C. § 3161(B). 18 U.S.C. § 3161(B) sets forth the factors a court should consider:

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely

to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(B).

The Supreme Court of the United States in United States v. Zedner, 547 U.S. 489 (2006), held that, when a district court makes no findings on the record to support a § 3161(h)(8) continuance, harmless-error review is not appropriate. See 547 U.S. at 506-507. In United States v. Williams, 511 F.3d 1044 (10th Cir. 2007), the Tenth Circuit held that "the Act does not allow a district court to retroactively grant an ends-of-justice continuance. 'Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive; an order granting a continuance on that ground must be made at the outset of the excludable period.'" Id. at 1055 (quoting United States v. Doran 882 F.2d 1511, 1516 (10th Cir. 1989)).

Section 3162(a)(1) and (2) of the Act sets out the sanctions applicable when the United States has not filed an indictment or information or when the defendant is not brought to trial within the time limits that § 3161(b) and (c) require:

**(a)(1)** If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

**(2)** If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. <u>The defendant shall have the burden of proof of supporting such motion</u> but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h) (3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

18 U.S.C. 3162(a)(1) and (2)(emphasis added).

In <u>United States v. Cano-Silva</u>, the United States Court of Appeals for the Tenth Circuit stated: "The fact that a violation has taken place is not alone sufficient for the application of the more severe sanction of dismissal with prejudice, which should be reserved for more egregious violations. Dismissal with prejudice is a strong message indeed, and one ill-suited to an isolated and inadvertent violation." 402 F.3d at 1035.

While dismissal of the indictment is mandatory, the district court retains discretion to determine whether the indictment is dismissed with or without prejudice. In determining whether to dismiss with or without prejudice, the court "shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

<u>Id.</u> at 1034 (quoting 18 U.S.C. § 3162(a)(2))(internal citations omitted). The seriousness of the

offense must be weighed against the severity of the delay. See United States v. Jones, 213 F.3d 1253, 1257 (10th Cir. 2000). In addition, the Supreme Court of the United States has suggested that the trial court should also consider, when determining whether to dismiss an indictment with prejudice, the prejudice to the defendant that a Speedy Trial violation delay has caused. See United States v. Taylor, 487 U.S. 326, 333-34 (1988).

"It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays." United States v. Taylor, 487 U.S. at 342. "Preindictment delay that rises to a constitutional violation requires dismissal of the indictment with prejudice to retrial." United States v. Johnson, 120 F.3d 1107, 1110 n.2 (10th Cir. 1997)(citing United States v. Marion, 404 U.S. 307, 324 (1971)). "Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy." United States v. Saltzman, 984 F.2d at 1093. See United States v. Johnson, 120 F.3d at 1112 ("Ms. Johnson bears no responsibility for the circumstances leading to the Speedy Trial Act violation, and . . . she properly asserted her rights under the Act."). In United States v. Johnson, one aspect of the Speedy Trial Act violations that troubled the Tenth Circuit was that, although the nature of the offense was relatively uncomplicated, the government delayed almost two years in indicting her. See 120 F.3d at 1112.

In United States v. Perez-Alcatan, 376 F.Supp.2d 1253 (D.N.M. 2005)(Browning, J.), the Court dismissed Perez-Alcatan's indictment without prejudice because the United States, through inadvertent error, failed to indict him within thirty days of the arrest, as the Speedy Trial Act requires. See 376 F.Supp.2d at 1257. Thirty days from Perez-Alcatan's arrest was May 26, 2005. See id. at 1254. A grand jury indicted Perez-Alcatan on June 14, 2005. See id.

Perez-Alcatan argued that the Court should dismiss his case with prejudice. See id. at 1256. He contended that his charged crime, re-entry into the United States after conviction for an aggravated felony, which carried a 16-level enhancement under the United States Sentencing Guidelines, was not a serious crime. See 376 F.Supp.2d at 1257. His underlying aggravated felony, however,  was voluntary manslaughter. See id. at 1254.

The Court in United States v. Perez-Alcatan looked to the Sentencing Guidelines, stating that a 16-level enhancement is among the largest in the Sentencing Guidelines, which signals Congress' intent to consider the crime a serious one. See 376 F.Supp.2d at 1256. Furthermore, the Court stated that the seriousness of the crime is indicated by the Guideline's lack of authorization for probation in such circumstances, and by the fact that Congress is hiring more border agents and Assistant United States Attorneys to slow the flow of immigration and punish those who are already felons. See 376 F.Supp.2d at 1256. The Court concluded that the seriousness of the offense favored dismissal without prejudice. See id.

The Court in United States v. Perez-Alcatan also held that the facts and circumstances that led to the delay did not favor dismissal with prejudice. See id. at 1256-57. While most immigration cases in which a defendant waives a preliminary hearing and detention hearing also involve a waiver of presentment to the grand jury, Perez-Alcatan chose to waive the detention hearing and the preliminary hearing, but not presentment to the grand jury. See id. at 1256. As a result of the unique situation, the file cover in the United States Attorney's Office was annotated "waiver" and was incorrectly filed, causing untimely presentment. See id. at 1257.

The Court in United States v. Perez-Alcatan held that, because the delay-producing conduct was an administrative oversight, and was without bad faith, dismissing the case with prejudice would

do little to prevent such future mistakes. See id. at 1257. Furthermore, the Court stated that, the "United States continues to present its cases for indictment in a timely manner; dismissal with prejudice would not improve the professional efforts already in place in adhering to the Speedy Trial Act." 376 F.Supp.2d at 1257. The Court also stated that Perez-Alcatan had not alleged any actual prejudice in his ability to defend himself. See id. The Court, therefore, dismissed the case without prejudice. See id.

## RULE 48

Rule 48 of the Federal Rules of Criminal Procedure is intended to allow the courts to "consider public interest, fair administration of criminal justice and preservation of judicial integrity when evaluating motions to dismiss." United States v. Strayer, 846 F.2d 1262, 1266 (10th Cir. 1988)).  Rule 48 provides:

> (a) By the Government. The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.
>
> (b) By the Court. The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in:
>
> (1) presenting a charge to a grand jury;
>
> (2) filing an information against a defendant; or
>
> (3) bringing a defendant to trial.

Fed. R. Crim. P. 48.

## ANALYSIS

Hernandez-Mejia submits that the time necessary for complete and adequate preparation for trial was over by the time his co-Defendants were sentenced twenty-two months ago.  See Defendant's Motion at 3.  As to prejudice, Hernandez-Mejia asserts that, at the time of his arrest,

-15-

his sixth child was three-months old, and that his child is now three-years old. See id.

The Court agrees with the United States that Hernandez-Mejia has an appointed counsel who did not file Hernandez-Mejia's motion on his behalf, and that, at the time Hernandez-Mejia filed his motion, the Court had ordered him to undergo a psychiatric/psychological exam and had not yet ruled on his competency. The Court also notes that, at the time Hernandez-Mejia filed his motion, there was a stay on proceedings that was not lifted until March 19, 2008. Regardless of these issues, however, the Court will address the merits of Hernandez-Mejia's motion. Because the Court believes that the Speedy Trial Act was properly tolled, the Court finds that Hernandez-Mejia's rights under the Speedy Trial Act were not violated and thus will deny his motion.[3]

The Court notes that the complexity of this case has contributed to the appropriate delay. In March of 2005, the United States filed a motion to designate the case as a complex case and order a non-standard discovery order. See Government's Motion for Status Conference for the Purposes of Designating this a Complex Case, and Issuing a Non-Standard Discovery Order, filed March 29, 2005 (Doc. 75). In April of 2005, the Court granted the United States' motion for a status conference for the purposes of designating the case as a complex case and issuing a non-standard discovery order. In May of 2005, the Court issued an order designating this case as a complex case and setting a non-standard discovery schedule to accommodate such complexity. The order designating the case as a complex case scheduled a jury trial for January 23, 2006. See Order, filed May 23, 2005 (Doc. 99).

On January 3, 2006, Hernandez-Mejia filed a motion to continue his trial, which the Court

---

[3] Because the Court reads Hernandez-Mejia's Pro Se Motion to Dismiss Indictment Based on a Violation of the Speedy Trial Act as alleging only a violation under the Speedy Trial Act, and not the Constitution, the Court will not specifically address any possible Constitutional issues.

granted.  From that point until the present time, Hernandez-Mejia, and the United States, have filed numerous motions to continue.  The Court notes that the majority of these requests were from Hernandez-Mejia, and were requests to vacate and to continue his trial. See Joint Unopposed Motion to Continue the 1/23/06 Trial Setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed January 3, 2006 (Doc. 227); Motion to Continue Trial Set on 3/13/06 by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya & Sergio Delgado, filed February 17, 2006 (Doc. 258); Motion to Vacate the 5/8/06 Trial Setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, Sergio Delgado, filed March 29, 2006 (Doc. 270); Joint Motion to Continue the 6/26/06 Trial Setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed April 26, 2006 (Doc. 278); Joint Motion to Vacate the 8/6/06 Trial Setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed June 2, 2006 (Doc. 289); Joint Motion to Vacate the September 2006 Trial Setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed August 25, 2006 (Doc. 307); Joint Unopposed Motion to Continue Trial and Request for Dates Certain by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed September 20, 2006 (Doc. 313); Unopposed Motion to Continue Trial by Eduardo Hernandez-Mejia, filed January 3, 2007 (Doc. 349); Joint Unopposed Motion to Continue the 3/12/07 Trial Setting by Eduardo Hernandez-Mejia as to Eduardo Hernandez-Mejia, Ramon Anaya, filed February 19, 2007 (Doc. 360); Joint Motion to Continue Trial by Eduardo Hernandez-Mejia as to Eduardo Hernandez-Mejia, Ramon Anaya, filed April 11, 2007 (Doc. 365); Unopposed Motion to Continue Trial by Eduardo Hernandez-Mejia as to Eduardo Hernandez-Mejia, Ramon Anaya, filed May 14, 2007 (Doc. 372); Unopposed Motion to Continue Trial Scheduled to Begin on July 16, 2007 by USA as to Eduardo Hernandez-Mejia, Ramon Anaya, filed June 11, 2007 (Doc. 375). Thus, while the Court acknowledges that Hernandez-Mejia's case has been ongoing since March

of 2005, the case's lengthy continuation has not caused a violation of the Speedy Trial Act.  Rather,

the majority of the delay has been caused by the Court's appropriate granting of Hernandez-Mejia's

requests to vacate and to continue his trial as well as the Court's designation of the case as complex.

To further illustrate the reasons for tolling the Speedy Trial Act, the Court includes the following

chart which details many of the relevant motions filed, as well as the actions taken by the Court, that

resulted in the proper tolling of the Speedy Trial Act and the appropriate continuation of Hernandez-

Mejia's trial.

| MOTION FILED | ACTION BY THE COURT |
|---|---|
| Motion for status conference for the purposes of designating this a complex case & issuing a non-standard discovery order by USA as to defts, filed March 29 , 2005 (Doc. 75).<br><br>Amended Motion for status conference for the purposes of designating this a complex case & issuing a non-standard discovery order by USA as to defts, filed March 31, 2005 (Doc. 78).<br><br>Second Amended Motion for status conference for the purposes of designating this a complex case & issuing a non-standard discovery order by USA as to defts, filed April 6, 2005 (Doc. 83). | ORDER by District Judge James O. Browning granting the Govt's motions for status conference for the purposes of designating this a complex case & issuing a non-standard discovery order status conference set for 4/19/05 @ 2:30 pm in Albuquerque, filed April 6, 2005 (Doc. 84).<br><br>ORDER by District Judge James O. Browning designating this case as complex Start XT2, pretrial conference set for 1/5/06 at 9:00 am; pretrial motions due 7/15/05; jury selection/trial set for 1/23/06 at 9:00 am; status hearing set for 6/7/05 at 12:00 pm, filed May 23, 2005 (Doc. 99). |
| Joint Unopposed Motion to Continue the 1/23/06 trial setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed January 3, 2006 (Doc. 227). | ORDER FOR CONTINUANCE by District Judge James O. Browning granting defts Hernandez-Mejia, Anaya & Montoya's unopposed motion to continue the 1/23/06 trial setting, pretrial conference & jury trial, filed January 4, 2006 (Doc. 228). |

| | |
|---|---|
| Motion to continue trial set on 3/13/06 by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya & Sergio Delgado, filed February 17, 2006 (Doc. 258). | ORDER FOR CONTINUANCE by District Judge James O. Browning granting defts Hernandez-Mejia, Anaya, Delgado & Montoya's motion to continue trial set on 3/13/06 jury selection/trial reset for 5/8/06 @ 9:00 am in Albuquerque, filed March 1, 2006 (Doc. 261). |
| Motion to vacate the 5/8/06 trial setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, Sergio Delgado, filed March 29, 2006 (Doc. 270). | ORDER FOR CONTINUANCE by District Judge James O. Browning granting defts' unopposed motion to vacate the 5/8/06 trial setting jury trial reset for 6/26/06 @ 9:00 am in Albuquerque, filed March 31, 2006 (Doc. 271). |
| Joint Motion to continue the 6/26/06 trial setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed April 26, 2006 (Doc. 278). | MEMORANDUM OPINION AND ORDER by District Judge James O. Browning granting the joint motion to continue the 6/26/06 trial setting jury trial continued, filed May 17, 2006 (Doc. 283). |
| Joint motion to vacate the 8/6/06 trial setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed June 2, 2006 (Doc. 289). | ORDER FOR CONTINUANCE by District Judge James O. Browning granting the joint unopposed motion to vacate the 8/6/06 trial setting jury trial vacated, filed June 7, 2006 (Doc. 295). |
| Joint Motion to vacate the September 2006 trial setting by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed August 25, 2006 (Doc. 307). | ORDER FOR CONTINUANCE by District Judge James O. Browning granting defts Hernandez-Mejia, Anaya & Montoya's joint unopposed motion to vacate the September 2006 trial setting jury trial vacated, filed August 28, 2006 (Doc. 309). |
| Joint unopposed motion to continue trial & request for dates certain by Eduardo Hernandez-Mejia, Jose Michael Montoya, Ramon Anaya, filed September 20, 2006 (Doc. 313). | ORDER FOR CONTINUANCE by District Judge James O. Browning granting defts' unopposed motion to continue trial & request dates certain, re-setting hearing on pending motions in limine @ 1:30 PM on 11/21/06 jury selection/ trial reset for 1/29/07 @ 9:00 AM, all in Albuquerque, filed September 25, 2006 (Doc. 315). |

| | |
|---|---|
| Unopposed Motion to Continue Trial by Eduardo Hernandez-Mejia, filed January 3, 2007 (Doc. 349). | JOINT UNOPPOSED ORDER by Judge James O. Browning granting the Joint Unopposed Motion to Continue trial setting by Eduardo Hernandez-Mejia (2) ; Jury Selection/Trial reset for 3/12/07 @ 9:00 AM in Albuquerque, filed January 26, 2007 (Doc. 351). |
| Joint Unopposed Motion to Continue the 3/12/07 trial setting by Eduardo Hernandez-Mejia as to Eduardo Hernandez-Mejia, Ramon Anaya, filed February 19, 2007 (Doc. 360). | ORDER by Judge James O. Browning granting the Joint Unopposed Motion to Continue the 3/12/07 trial setting as to Eduardo Hernandez-Mejia (2), Ramon Anaya (7) ; Jury Selection/Trial reset for 4/16/07 @ 9:00 AM in Albuquerque, filed March 9, 2007 (Doc. 362). |
| Joint Motion to Continue Trial by Eduardo Hernandez-Mejia as to Eduardo Hernandez-Mejia, Ramon Anaya, filed April 11, 2007 (Doc. 365). | JOINT UNOPPOSED ORDER by Judge James O. Browning granting the Joint Motion to Continue the 4/16/07 trial setting as to Ramon Anaya (7) and Eduardo Hernandez-Mejia (2); Jury Selection/Trial reset for 5/14/07 @ 9:00 AM in Albuquerque, Vermejo Courtroom, filed April 16, 2007 (Doc. 366). |
| Unopposed Motion to Continue Trial by Eduardo Hernandez-Mejia as to Eduardo Hernandez-Mejia, Ramon Anaya, filed May 14, 2007 (Doc. 372). | ORDER by Judge James O. Browning granting Motion to Continue Trial set on 5/14/07 as to Eduardo Hernandez-Mejia (2), Ramon Anaya, Set/Reset Hearings as to Eduardo Hernandez-Mejia, Ramon Anaya: Jury Selection/Trial set for 7/16/2007 @ 09:00 AM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning, filed May 14, 2007 (Doc. 373). |
| Unopposed Motion to Continue Trial Scheduled to Begin on July 16, 2007 by USA as to Eduardo Hernandez-Mejia, Ramon Anaya, filed June 11, 2007 (Doc. 375). | UNOPPOSED ORDER by Judge James O. Browning granting Defts' Unopposed Motion to Continue the 7/16/07 trial setting as to Eduardo Hernandez-Mejia and Ramon Anaya (7); Jury Selection/Trial reset for 9/17/07 @ 9:00 AM in Albuquerque, Vermejo Courtroom, Set/Reset Deadlines/Hearings as to Eduardo Hernandez-Mejia, Ramon Anaya: Terminate Deadlines and Hearings as to Eduardo Hernandez-Mejia, Ramon Anaya: Jury Selection/Trial reset for 9/17/2007 @ 09:00 AM in Albuquerque, filed June 13, 2007 (Doc. 377). |

| | |
|---|---|
| MOTION for Psychiatric/Psychological Exam and to Stay Proceedings by Eduardo Hernandez-Mejia, filed August 20, 2007 (Doc. 381). | NOTICE of motion hearing regarding the Motion for Pre-Trial Psychiatric/ Psychological Examination and to Stay Proceedings 381 scheduled on 8/24/2007 at 02:00 PM in Albuquerque - 460 Vermejo Courtroom before District Judge James O. Browning, filed August 23, 2007 (Doc. 382). |
| Amended MOTION for Psychiatric/ Psychological Exam and to Stay Proceedings by Eduardo Hernandez-Mejia, filed August 23, 2007 (Doc. 383). | MEMORANDUM OPINION AND ORDER Terminating document(s): 381, 383 MOTION/AMENDED MOTION for Psychiatric/Psychological Exam and to Stay Proceedings as to Eduardo Hernandez-Mejia by Judge James O. Browning, filed September 4, 2007 (Doc. 384). |
| STIPULATED ORDER that defendant Eduardo Hernandez-Mejia shall undergo a Psychiatric/Psychological Examination to be conducted by Eric Mason Westfried, PH.D. re: 381, 384 by Judge James O. Browning, filed October 9, 2007 (Doc. 385). | ORDER TO CONTINUE Ends of Justice as to Eduardo Hernandez-Mejia, Ramon Anaya Time excluded from 2/25/08 until 4/7/08. Terminated document(s): 375 UNOPPOSED MOTION to Continue Trial Scheduled to Begin on July 16, 2007 filed by USA by Judge James O. Browning; Jury Selection/Trial reset for 4/7/2008 @ 09:00 AM in Albuquerque, filed February 25, 2008 (Doc. 398). MEMORANDUM OPINION AND ORDER Terminating document(s): 396 Unopposed MOTION for Order of Competency to Stand Trial as to Eduardo Hernandez-Mejia by Judge James O. Browning, filed March 19, 2008 (Doc. 406). |

Under 18 U.S.C. § 3161,

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public

and the defendant in a speedy trial.

Id.  Thus, all of the delay resulting from the requests for continuance is not calculated for purposes of the Speedy Trial Act.  Furthermore, for each continuance, the Court tried to carefully set forth, in the record, its reasons for finding that the ends of justice served outweighed the interests of the public and the defendant in a speedy trial.

Additionally, the mental competency questions that arose contributed to the appropriate delay of this case.  The Court finds that all of these delays were proper, and tolled the clock for purposes of the Speedy Trial Act.  Hernandez-Mejia argues that complete and adequate preparation for trial was complete 22 months before the filing of his motion.  See Defendant's Motion at 3.  In his pro se motion to dismiss, Hernandez-Mejia does not take into account the actions of the Court, which have properly tolled the relevant time line.  All of these actions, however, must be taken into consideration to properly calculate the Speedy Trial Act time line.  Thus, Hernandez-Mejia's rights under the Speedy Trial Act were not violated and his case should not be dismissed.

**IT IS ORDERED** that the Defendant's Pro Se Motion to Dismiss Indictment Based on a Violation of the Speedy Trial Act is denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel and parties:

Gregory J. Fouratt
  United States Attorney
Damon P. Martinez
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Edward O. Bustamante
Albuquerque, New Mexico

    *Attorney for the Defendant*

Eduardo Hernandez-Mejia
Albuquerque, New Mexico

    *Defendant*